# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cv235

| | |
|---|---|
| COMMERCIAL UNION INSURANCE COMPANY, ) ) ) Plaintiff, ) ) Vs. ) ) R-ANELL HOUSING GROUP, LLC; ) KIMBERLY CAREY MILLER; ) RAYMOND MILLER; GARY ALBERT ) MURRAY; BENNETT TRUCK ) TRANSPORT, LLC; and ) MANUFACTURED BUILDINGS ) INSURANCE COMPANY, LTD, ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants Gary Albert Murray's and Bennett Truck Transport, L.L.C.'s Motion to Dismiss (#19), which has been supported by a memorandum of law (#21). Such defendants have moved to dismiss the action against them, arguing that plaintiff fails to state a claim in its Complaint as to them. Fed.R.Civ.P. 12(b)(6). Upon inquiry by the court, counsel for plaintiff informed the Court on October 12, 2005, that plaintiff does not oppose the relief sought by these defendants. Inasmuch as plaintiff and certain defendants have not indicated to the Clerk of this court whether they consent to resolution of this case by a United States Magistrate Judge,[1] see 28 U.S.C. § 636(c), the district court has referred this particular motion to the undersigned for entry of a brief Memorandum and Recommendation.

---

[1] If they have not done so already, counsel for the respective parties should, within 10 days, inform the Clerk of this court as to whether their respective clients wish to consent in accordance with Section 636(c).

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

In this case, the moving defendants contend that plaintiff's Complaint states that "[t]his is a civil action for declaratory relief . . arising out of an insurance contract dispute between plaintiff and defendants . . . to defend and indemnify defendant R-Anell, in relation to claims made by the remaining defendants." Complaint, at ¶ 8. Defendants have argued that the only "claims made by the remaining defendants" are those made by the Millers, who received a favorable verdict. The moving defendants argue that they in fact have no claims against plaintiff inasmuch as the jury found no liability as to them. This court takes judicial notice of judgments of other courts.

Finding that no party to this action has interposed any objection to the moving defendants motion within the time provided by the Local Rules, and finding that good and adequate cause has been shown by the moving defendants for dismissal, the undersigned will recommend to the district court that such Motion to Dismiss be granted and that this action be dismissed with prejudice as to Gary Albert Murray and Bennett Truck Transport, L.L.C.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants Gary Albert Murray's and Bennett Truck Transport, L.L.C.'s Motion to Dismiss (#19), be **ALLOWED,** and that this action be **DISMISSED WITH PREJUDICE** as to Gary Albert Murray and Bennett Truck Transport, L.L.C.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: October 13, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge